IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE A. VIRGEN MAGDALENO, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PCM CONSTRUCTION SERVICES, LLC, MIGUEL GUERRA AND DAWNNA L. HOGAN-GUERRA <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:12-cv-02862 <br><br> JURY DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND
MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jose A. Virgin Magdaleno, Individually and on Behalf of all Others Similarly Situated ("Plaintiffs") file this Motion to Compel Discovery and Motion to Extend Deadlines and would respectfully show the Court as follows:

### I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff Jose A. Virgen Magdaleno filed his Original Complaint [Doc. No. 1] Individually and on behalf of all others similarly situated to him on September 26, 2012 asserting that Defendant PCM Construction Services LLC ("PCM") failed to pay overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act

("FLSA"). On July 3, 2013 Plaintiffs served written discovery, interrogatories and requests for production on Defendant PCM. PCM first responded on August 5, 2013 to Plaintiffs' interrogatories with baseless and boilerplate objections followed by incomplete and evasive responses. PCM supplemented responses on August 27, 2013, however, as described herein, the responses remained woefully deficient. Plaintiffs made a good-faith effort to resolve the discovery dispute without court intervention as required by Federal Rule of Civil Procedure 37(a)(1) by first verbally requesting that Defendant amend or supplement its discovery responses on November 6, 2013. Plaintiffs subsequently made the good-faith effort in writing to Defendant on November 15, 2013. *See* Letter to Todd Prins, Exhibit A. Although Counsel for PCM indicated that they would supplement discovery responses, after having ample time to do so PCM has failed to provide amended or supplementary responses. Plaintiff now files this Motion to Compel Discovery Responses.

## II.  STATEMENT OF ISSUES, STANDARD OF REVIEW & SUMMARY OF ARGUMENT

The issue before the Court is whether to compel Defendant to supplement and amend discovery responses. Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. Fed. R. Civ. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The party resisting discovery bears the burden of establishing the validity of its objections. *Merrill v. Waffle House, Inc.* 227 F.R.D. 469, 470 (N.D. Tex. 2005). Plaintiffs made reasonable requests seeking inarguably relevant information regarding their claims in the lawsuit and Defendant should be compelled to provide sufficient responses to Plaintiffs' requests.

### III. ARGUMENT & AUTHORITIES

Plaintiffs ask that the Court compel PCM to adequately respond to the discovery requests as outlined below.

**A. Interrogatory Nos. 1 – 3**

In Interrogatory Nos. 1-3 Plaintiffs seek the following information:

*Interrogatory No. 1*: Please describe in detail Defendant's business operations. In your description, please provide the following information; state who are the owners, directors and managers of the business; describe the type of business Defendant carries out and the work performed or services provided; state the number of people employed in the operations; identify the locations where Defendant's employees work; identify the buildings, vehicles, machinery, tools and equipment used in Defendant's operations; and identify who owns the buildings, vehicles, machinery, tools and equipment used in Defendant's operations.

*Interrogatory No. 2*: Please provide the following information in regard to Plaintiffs' employment with you: dates of employment; location(s) where worked; rates of pay; job description; work schedule; dates and reasons for any interruption to the Plaintiffs' employment; and the reason why each Plaintiff's employment with you ended

*Interrogatory No. 3*: Please describe how you paid Plaintiffs. Include in your description, for each Plaintiff:
(a) the amount of each component of Plaintiffs' compensation, including regular pay, overtime pay, bonuses, commissions and any other category of compensation paid to Plaintiffs during each workweek of the Relevant Time Period;
(b) the method(s) of calculating or determining each component of Plaintiffs' compensation, including overtime pay, if any, paid to Plaintiffs;
(c) the total number of hours Plaintiffs worked in each workweek;
(d) the total amount of compensation Defendant paid to Plaintiffs for each workweek;
(e) an identification of any documents reflecting payments made to Plaintiffs; and
(f) an identification of any documents you reviewed, created or referred to in answering this interrogatory based in whole or in part.

*See* Defendant's Supplement to Responses to Plaintiffs' First Set of Interrogatories to Defendant PCM Construction Services, LLC, Ex. B.

Defendants made the same exact objection to each of these interrogatories as follows:

Defendant objects to the extent these requests exceed the allowable number of interrogatories permissible under the Federal Rules of Civil Procedure, including subparts. Further, the request is unreasonably cumulative, duplicative and unduly burdensome. Defendant further objects to the extent this request is overly broad and is not in compliance with the Federal Rules of Civil Procedure, which requires the request

>to specify the items to be produced or inspected, either by individual item or category, and describe with reasonable particularity each item and category. This request seeks a narrative response from the information that can be gleaned from the documents produced. This request further, violates the Defendant's proprietary and privacy rights.

*See Id.* Defendant went on to "answer" the interrogatories by referring to documents.

Defendant's objections are boilerplate and without merit, and the answers are incomplete and evasive. For instance, subparts are to be considered a part of the original interrogatory and not separate interrogatories when they are "logically or factually subsumed within and necessarily related to the primary [interrogatory] question." *Estate of Manship v. United States*, 232 F.R.D. 552, 554 (M.D. La. 2005)(quoting *Dang v. Cross,* 2002 WL 432197 (C.D.Cal.2002); *Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684 (D.Nev.1997). An "interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.); *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572-73 (D. Md. 2010). Each of the interrogatories call on Defendant to describe generally particular areas including Defendant's business operations (No. 1), the terms of each Plaintiffs' employment (No. 2) and the way that Defendant paid the Plaintiffs (No. 3). The subparts are designed to elicit details regarding the general theme of the interrogatory and as such should not be considered separate interrogatories.

In addition, Defendant failed to provide answers to the interrogatories and simply referred to documents. In response to Interrogatory No. 1, Defendant provided four pages of incorporation paperwork that had been filed with the Texas Secretary of State. *Id.* In response to Interrogatories 2 and 3, Defendants refer to 49 pages of personnel and payroll records for one out of the 27 Plaintiffs, Jose Virgen Magdaleno, but the documents do not provide full answers to the interrogatories. Referring to documents in response to an interrogatory is not a sufficient

response if responsive information is not **fully contained** in the documents.  *See SEC v. Elfindepan,* 206 F.R.D. 576 (N.D.N.C. 2002).  At the very least, Defendants should have identified with specificity which of the documents contained information responsive to the interrogatories.  *See Elfindepan,* 206 F.R.D. at 576.  Plaintiffs have made reasonable requests for relevant information relating to their claims that Defendants did not pay workers overtime including information concerning the Defendants' operations (such as where and how the business operates and who runs it), the start and end dates of each Plaintiffs' employment, the terms and conditions of each Plaintiffs' employment and how the amount of compensation paid to each Plaintiff was determined.  These interrogatories could have been and should be answered with narrative responses.  Alternatively, Defendants should specify the particular documents where responsive information may be found and supplement with narrative responses where the documents do not fully answer the interrogatories.

Additionally, the interrogatories request information concerning each of the "Plaintiffs", which is defined as "any individual who has filed a notice of consent in this lawsuit." *See* Plaintiffs First Set of Interrogatories to Defendant PCM Construction Services, LLC, Ex. C, p. 5. At the time that Plaintiffs served interrogatories on PCM, there were three opt-in Plaintiffs in addition to the named Plaintiff Jose Virgen Magdaleno, however, as noted above, in responding to Interrogatory Nos. 2 and 3, Defendants referred to documents relating only to Mr. Virgen. Furthermore, an additional 23 opt-in Plaintiffs have now joined the lawsuit.  Defendants have an ongoing obligation to supplement discovery responses with respect to individuals who have opted-in to the lawsuit.  As such, Defendants should respond to Interrogatory Nos. 2 and 3 with information relating to each of the opt-in Plaintiffs.

### B. Interrogatory Nos. 13 and 14

In Interrogatory Nos. 13 and 14 Plaintiffs seek the following information:

*Interrogatory No. 13:* Describe the position(s) held by Miguel Guerra with PCM Construction Services, LLC and provide any job description(s) for that/those position(s); describe all activities Mr. Guerra performed for and on behalf of PCM; describe his regular work schedule; describe the legal and financial relationship between him and PCM; list Mr. Guerra's annual compensation from PCM during the years 2009, 2010, 2011, 2012 and 2013; and describe and identify interactions and communications between Miguel Guerra and each Plaintiff.

*Interrogatory No. 14:* Describe the position(s) held by Dawnna Hogan Guerra with PCM Construction Services, LLC and provide any job description(s) for that/those position(s); describe all activities Ms. Guerra performed for and on behalf of PCM; describe her regular work schedule; describe the legal and financial relationship between her and PCM; list Ms. Guerra's annual compensation from PCM during the years 2009, 2010, 2011, 2012 and 2013; and describe and identify interactions and communications between Dawnna Hogan Guerra and each Plaintiff.

See. Ex. B. Defendants provided the following objections to both requests:

> Defendant objects to the extent these requests exceed the allowable number of interrogatories permissible under the Federal Rules of Civil Procedure, including subparts. Further, the request is unreasonably cumulative, duplicative and unduly burdensome. Defendant further objects to the extent this request is overly broad and is not in compliance with the Federal Rules of Civil Procedure, which requires the request to specify the items to be produced or inspected, either by individual item or category, and describe with reasonable particularity each item and category. Further, this request is not relevant to the subject matter of the suit and will not lead to discovery of admissible evidence. The proposed subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute. This request further, violates the Defendant's proprietary and privacy rights.

*See Id.*

After the objection, Defendants went on to "answer" Interrogatory Nos. 2 and 3 by stating, "Miguel Guerra holds a manager posting with PCM Construction Services, LLC" and "Dawnna Hogan-Guerra holds a manager position with PCM Construction Services, LLC," respectively. These answers are evasive and incomplete. The interrogatories clearly call on PCM to describe what the manager position entails, which PCM simply did not do. The subparts are designed to elicit detail regarding the general question "describe the position(s) held" by Miguel or Dawnna Hogan-Guerra ("the Guerras") and, as such, are not separate interrogatories.

The interrogatories also seek relevant information that is central to the subject matter and claims in the lawsuit. Plaintiffs filed their First Amended Complaint [Doc No. 15] on January 30, 2013 to add the Guerras as individual Defendants to the lawsuit. Plaintiffs allege that the Guerras were Plaintiffs' employers and exercised control over not only the day-to-day operations of the company but also the terms and conditions of Plaintiffs' employment. The interrogatories are therefore seeking relevant information regarding Plaintiffs' claims, and as such, PCM should be required to provide complete responses to the questions.

### C. Request for Production Nos. 10-12, 15, 18-20 and 23

Requests for Production Nos. 10-12, 15, 18-20 and 23 seek information concerning the days and hours Plaintiffs worked, the amount they were paid, any documents they signed, W-2 and tax information related to their employment and other relevant information from Plaintiffs' personnel files. As with the Interrogatories, Plaintiffs Requests for Production defined "Plaintiffs" to include "all other individuals who file a Notice of Consent in this lawsuit." See Plaintiffs' First Set of Request for Production to Defendant, Ex. D, p. 5. In response to these requests for production, PCM produced documents related to or regarding Plaintiff Jose Virgen Magdaleno. As with the Interrogatories discussed above, PCM should be compelled to produce responsive documents relating to all 27 of the Plaintiffs in this lawsuit.

### D. Request for Production No. 24

Request for Production No. 24 seeks "all documents provided to Defendant or received by Defendant from the Department of Labor within the last 6 years." *See* Defendant's Supplemental Responses to Plaintiffs' First Set of Requests for Production, Ex. E. In response to the Request, Defendant listed a number of objections and stated "such documents are being

gathered and will be produced as they relate to the Plaintiff." *Id.*  To date, although Plaintiffs are aware and Defendants do not deny that responsive documents exist, Defendants have failed to produce any documents received by or provided to the Department of Labor.  Defendant should be required to produce any responsive records that pertain to the employment and pay practices that are at issue in the lawsuit regardless of whether they pertain to any of the Plaintiffs specifically.

### E.  Deposition of Miguel Guerra

On December 6, 2013, after a number of attempts to secure an agreement regarding a deposition date for Defendant Miguel Guerra[1], Plaintiffs served a Notice of Intent to Take the Oral Deposition of Miguel Guerra. On December 9, 2013, Defendants Moved to Quash the deposition notice and Defendant failed to appear for the deposition which was scheduled for December 19, 2013.  December 19, 2013, is the last day of the discovery period. *See* Order Granting Agreed Motion to Extend Scheduling/Docket Control [Doc. No. 49].  Defendant Miguel Guerra is the owner and manager of PCM Construction, LLC and is an individually named Defendant to the lawsuit.  Plaintiffs have a right to depose Mr. Guerra further to Rule 30 of the Federal Rules of Civil Procedure.

### IV. EXTENSION OF DEADLINES

Further to the latest Scheduling Order [Doc. No. 49], pretrial Motions are due by January 9, 2014 and the Joint Pre-trial Order and Motions in Limine are due January 30, 2014.  Defendants' unwillingness to cooperate fully in producing responsive information to Plaintiffs' discovery requests has inhibited Plaintiffs ability to prepare their case in advance of these

---

[1] Counsel for Plaintiffs' contacted Defendants' counsel by e-mail on November 8th, 15th, 20th and 26th and December 2nd.  *See* E-mail exchanges attached hereto as Exhibit F.

deadlines. For these reasons, Plaintiffs seek an extension of each of the deadlines as follows: Pre-trial Motions Deadline of 30 days after the deadline by which Defendants are compelled to produce discovery further to this Motion to Compel; and Joint Pre-trial Order and Motions in Limine deadline of 21 days after the Pre-trial Motions deadline.

## V. CONCLUSION &PRAYER

Wherefore, premises considered, Plaintiffs request that this Court order Defendant PCM to supplement its discovery responses as set forth herein within seven days of this Court's order granting this motion. Plaintiffs request that this Court order Defendant Miguel Guerra to appear for a deposition within ten days of the Court's order granting this motion. Plaintiffs request that the Court extend the Pre-trial Motions Deadline to 30 days after the deadline by which Defendants are ordered to produce discovery further to this Motion to Compel. Plaintiffs lastly request that the Court extend the Joint Pre-trial Order and Motions in Limine deadline to 21 days after the Pre-trial Motions deadline and grant such other and further relief to which they may be entitled.

Respectfully submitted,



*/s/ Alfonso Kennard Jr.*
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District Bar No: 713316
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL FOR PLAINTIFF:



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com

## CERTIFICATE OF CONFERENCE

I certify that I attempted to confer with Defendants' counsel regarding the Motion and that he did not respond within the time needed to file the Motion.

>  /s/ Lakshmi Ramakrishnan_____
>  Lakshmi Ramakrishnan

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on counsel for Defendant via the District Court's ECF system on December 19, 2013.

>  /s/ Alfonso Kennard Jr._____
>  Alfonso Kennard, Jr.