# EXHIBIT A



**LAKSHMI RAMAKRISHNAN**
ATTORNEY AT LAW
LAKSHMI.RAM@KENNARDLAW.COM

November 15, 2013

**Sent via email to taprins@prinslaw.com**
Mr. Todd A. Prins
Prins Law Firm
4940 Broadway, Suite 108
San Antonio, Texas 78209

      **RE:** *Cause No. 4:12-cv-02862; Magdaleno v. PCM Construction Services, LLC*

Dear Mr. Prins:

    I write with respect to outstanding discovery issues in the *Magdaleno v. PCM Construction Services, LLC* matter. We have not yet received information from you in response to my e-mail dated November 8, 2013 requesting dates for Mr. Guerra's deposition. Please let us know right away when and where your client will be available for his deposition so that we can make appropriate plans. As I mentioned in my e-mail, given the upcoming deadlines in the case, we believe this deposition should go forward before the end of November.

    In addition, we note a number of deficiencies with the responses to written discovery in this matter. We are writing to you now to attempt to resolve these matters and avoid the need to seek the Court's intervention to compel responses. For example, Plaintiffs' Requests for Production ("RFPs") sought relevant information with respect to "Plaintiffs," which was defined to include all individuals who filed a Notice of Consent to join the lawsuit. We trust that you are now aware of all of the names of the opt-in Plaintiffs and have been for some time. Your client has an ongoing obligation to supplement his discovery responses with respect to those individuals who have opted into the lawsuit. In particular, Defendants' Responses to RFP #s 10, 11, 12, 15, 18, 19, 20 and 23 should be supplemented to include documents pertaining to the opt-in Plaintiffs. In addition, we understand that Defendants have had ongoing dealings with the Department of Labor, yet Defendants failed to produce any documents responsive to RFP #24. In August, Defendants stated in response to the request for DOL records, "documents are being gathered and will be produced," yet to-date, three months later, no such documents have been produced.

    As with the responses to RFPs, Interrogatory (ROG) responses should be updated to reflect the additional opt-in Plaintiffs. As is, the ROG responses are inadequate. In response to

---

5433 WESTHEIMER, SUITE 825, HOUSTON, TEXAS 77056    MAIN: 713.742.0900    FAX: 713.742.0951
TOLL FREE: 855.KENNLAW   WWW.KENNARDLAW.COM



Mr. Todd A. Prins
November 15, 2013
Page **2** of **2**

ROG #1-3, rather than answering the question, you have pointed us in the direction of documents that do not fully answer the interrogatories. Referring to documents in response to an interrogatory is not a sufficient response if responsive information is not **fully contained** in the documents. *See SEC v. Elfindepan,* 206 F.R.D. 576 (N.D.N.C. 2002). At the very least, rather than identifying the whole set of documents in response to interrogatories you should specify which page or pages of the documents contains information responsive to the request. *See Elfindepan,* 206 F.R.D. at 576. We have made reasonable requests for inarguably relevant information including a description of Defendants' operations such as where and how the business operates and who runs it (ROG #1), the start and end dates and any interruptions to employment for each Plaintiff (ROG #2) and an explanation of how the amount of compensation paid to Plaintiffs was determined (ROG #3). These could be easily answered with narrative responses. At the very least, we request that you amend your responses to specify the particular documents where information responsive to the requests may be found and then supplement to the extent that the documents do not fully respond to the requests.

Information regarding Miguel Guerra and Dawnna Hogan-Guerra's activities, work schedules, financial relationship to the company and interactions with Plaintiffs is relevant to their individual liability in this case. As such, the responses to ROGs #13 and 14 "Miguel Guerra holds a manager position" and "Dawnna Hogan Guerra holds a manager position" are woefully inadequate.

We ask that you please correct or supplement Defendant's responses by November 27, 2013. If they cannot be corrected or supplemented by November 27, 2013, or if we are required to seek the Court's intervention, we reserve the right to re-call Mr. Guerra to answer questions regarding documents produced after his deposition. Thank you for your prompt attention to this matter. Please contact me or Amanda Hernandez if you would like to discuss this matter further.

Sincerely,

kennard law P.C.

_L Ramakrishnan_
Lakshmi Ramakrishnan

cc:   Firm
      Patricia Tamez ptamez@prinslaw.com