# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE A. VIRGEN MAGDALENO, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>PCM CONSTRUCTION SERVICES, LLC, MIGUEL GUERRA and DAWNNA L. HOGAN-GUERRA,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:12-cv-02862<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT PCM CONSTRUCTION SERVICES, LLC**

TO:   Defendant, PCM Construction Services, LLC, by and through its attorney of record, Todd A. Prins Law Firm, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs propound the following interrogatories to Defendant PCM CONSTRUCTION SERVICES, LLC. Defendant must answer the following interrogatories separately, fully, in writing, and under oath as required by Rule 33 of the Federal Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within 30 days after the service of these interrogatories. Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by the Federal Rules of Civil Procedure.

Respectfully submitted,



*s/ Alfonso Kennard, Jr.*
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Lakshmi Ramakrishnan
Texas Bar No. 24037324
5433 Westheimer Road, Suite 825
Houston, TX 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com

Amanda C. Hernandez
Texas Bar No. 24064411
Southern District No. 1531045
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
amanda.hernandez@kennardlaw.com

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall have the meaning indicated below:

A.  "You," "your," "yours," "Defendant" or "PCM" refers to PCM Construction Services, LLC, its attorneys, agents, employees or any other individual or entity who represents or has represented Defendant.

B.  "Person", as used herein, means natural persons; corporations, firms, associations, partnerships, joint ventures, or any other form of legal business entity; and governmental agencies, departments, units, or any subdivisions thereof.

C.  "Document", as used herein, means writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel.  The term includes handwritten, typewritten, printed, photocopied, photographic, and recorded matter.  It includes communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term includes: correspondence; transcripts of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications sent or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedure, data, reports, results and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider or otherwise refer to the subject matter of the particular discovery requested.

D.  To "identify" a person, as used herein, means to state the following

1. The full name of the person;

2. The person's present employer and job title, if known; if not known, the answer shall so state;

3. The person's present business and residence addresses and telephone numbers, if known; if not known, then the person's last known business and residence addresses and telephone numbers; and

4. The person's affiliation at any time with you by employment or otherwise, including the nature and dates of such affiliation.

E.  To "identify" a document, as used herein, means to state the following:

1. The title, heading, or caption, if any, of such document;

2. The identifying number(s), letter(s), or combination thereof, on the document, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to understand the document or to evaluate any claim that the document is protected from discovery;

3. The date appearing on the document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which the document was prepared;

4. The number of pages and the general nature or description of the document (e.g., a letter, memorandum, minutes of a meeting, etc.);

5. The identity of the person who signed the document or over whose name the document was issued; if the document was not signed, the answer shall so state, and shall identify the person(s) who prepared it;

6. The identity of each person to whom the document was addressed, sent, distributed, or directed;

7. The physical location of the document and the name of its custodian(s); and

8. Whether the document will be voluntarily made available to Plaintiffs for inspection and copying; if not, the reasons why not.

F.  To "identify" an oral communication, as used herein, means to state:

    1.    The time, date, and place at which the oral communication was made;

    2.    The identity of each person who participated in the oral communication and who was present during the oral communication;

    3.    The identity of the person(s) who employed, or who was represented by, each person making the oral communications;

    4.    The substance of the communication; and

    5.    The identity of each document pertaining to the oral communication.

G.    Unless the context requires otherwise herein, the masculine gender includes the feminine gender, and the singular number includes the plural number.

H.    The term "Plaintiffs" means any individual who has filed a notice of consent in this lawsuit.

I.    The term "lawsuit" shall refer to Civil Action No. 4:12-cv-02862; Jose A. Virgen Magdaleno, Individually and on Behalf of all Others Similarly Situated v. PCM Construction Services, LLC, et al., In the United States District Court for the Southern District of Texas, Houston, Division.

J.    The term "Relevant Time Period" refers to the period from the date three years prior to the filing of the complaint in this matter to the present time.

K.    If you claim that any information requested in these interrogatories is privileged, state the precise nature and basis of the privilege claimed, including a reference by number and subdivision to any applicable provisions of the Federal Rules of Evidence under which such privilege is claimed.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on July 3, 2013, a true and correct copy of this instrument was served on all counsel of record.

Todd A. Prins
Nathan G. Roach
PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
(210) 820-0929 (facsimile)

    */s/ Alfonso Kennard, Jr*
    Alfonso Kennard, Jr.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Please describe in detail Defendant's business operations. In your description, please provide the following information; state who are the owners, directors and managers of the business; describe the type of business Defendant carries out and the work performed or services provided; state the number of people employed in the operations; identify the locations where Defendant's employees work; identify the buildings, vehicles, machinery, tools and equipment used in Defendant's operations; and identify who owns the buildings, vehicles, machinery, tools and equipment used in Defendant's operations.

**INTERROGATORY NO. 2:**
Please provide the following information in regard to Plaintiffs' employment with you: dates of employment; location(s) where worked; rates of pay; job description; work schedule; dates of and reasons for any interruption to the Plaintiffs' employment; and the reason why each Plaintiff's employment with you ended.

**INTERROGATORY NO. 3:**
Please describe how you paid Plaintiffs. Include in your description, for each Plaintiff:

(a) the amount of each component of Plaintiffs' compensation, including regular pay, overtime pay, bonuses, commissions, and any other category of compensation paid to Plaintiffs during each workweek of the Relevant Time Period;

(b) the method(s) of calculating or determining each component of Plaintiffs' compensation, including overtime pay, if any, paid to Plaintiffs;

(c) the total number of hours Plaintiffs worked in each workweek;

(d) the total amount of compensation Defendant paid to Plaintiffs for each workweek;

(e) an identification of any documents reflecting payments made to Plaintiffs; and

(f) an identification of any documents you reviewed, created or referred to in answering this interrogatory is based, in whole or in part.

**INTERROGATORY NO. 4:**
Identify all individuals responsible for determining:

(a) whether to hire or fire Plaintiffs;

(b) the amount of Plaintiffs' compensation; and

  (b) Plaintiffs' work schedule.

**INTERROGATORY NO. 5:**
Describe how Defendant recorded and maintained records of the time worked by Plaintiffs. In your response, identify any person who was responsible for recording and/or maintaining those records and identify who reviewed those records before payment was issued to Plaintiffs.

**INTERROGATORY NO. 6:**
Identify:

  (a) All employees of Defendant during the Relevant Time Period;

  (b) Each of Plaintiffs' immediate supervisors and/or managers; and

  (c) Each person having supervisory or managerial authority over any individual identified in response to subpart (a) and (b) of this Interrogatory.

**INTERROGATORY NO. 7:**
If you assert Defendant acted in "good faith" in compensating Plaintiffs, please describe the bases for such an assertion. Include:

  (a) a description of the investigation, if any, you conducted in determining whether Defendant's method of paying minimum wage and overtime complied with the FLSA; and

  (b) an identification of any documents you reviewed, created or referred to during any such investigation, including, without limitation whatsoever, any opinion letters from your attorney(s) from the Department of Labor or any correspondence or other communication between you and the Department of Labor.

**INTERROGATORY NO. 8:**
Identify all witnesses Defendant intends to rely upon at trial.

**INTERROGATORY NO. 9:**
Identify all individuals who Defendant believes may have knowledge regarding Defendant's pay and recordkeeping policies.

**INTERROGATORY NO. 10:**
For each lawsuit, investigation, or complaint that Defendant did not properly compensate or record the time worked by their employees, whether initiated by an employee or by a governmental agency during the last 5 years, describe the claims or charges, identify all

documents exchanged in the matter, identify the charging or complaining party, and provide the case number.

**INTERROGATORY NO. 11:**
Identify all bookkeepers or accountants used by Defendant during the relevant time period, including their name, address, phone number, business phone number, title or position, and include a brief description of the type of bookkeeping or accounting services they provided and the physical address where they performed such services.

**INTERROGATORY NO. 12:**
Identify each person on behalf of whom Defendant directly or indirectly provided compensation for employment services rendered during the years 2009, 2010, 2011 and 2012, including, but not limited to, each person who loaded and unloaded construction debris onto trucks, each person who drove such constructed debris removal trucks or hauled collected debris from construction sites to local landfills for Defendant on a full-time, part-time and/or temporary basis. Please include their names, addresses, phone numbers, job positions, and job locations.

**INTERROGATORY NO. 13:**
Describe the position(s) held by Miguel Guerra with PCM Construction Services, LLC and provide any job description(s) for that/those position(s); describe all activities Mr. Guerra performed for and on behalf of PCM; describe his regular work schedule; describe the legal and financial relationship between him and PCM; list Mr. Guerra's annual compensation from PCM during the years 2009, 2010, 2011, 2012 and 2013; and describe and identify interactions and communications between Miguel Guerra and each Plaintiff.

**INTERROGATORY NO. 14:**
Describe the position(s) held by Dawnna Hogan Guerra with PCM Construction Services, LLC and provide any job description(s) for that/those position(s); describe all activities Ms. Guerra performed for and on behalf of PCM; describe her regular work schedule; describe the legal and financial relationship between her and PCM; list Ms. Guerra's annual compensation from PCM during the years 2009, 2010, 2011, 2012 and 2013; and describe and identify interactions and communications between Dawnna Hogan Guerra and each Plaintiff.

**INTERROGATORY NO. 15:**
State all reasons why Defendant claims that you do not owe some or all of the sums claimed by Plaintiffs in their Complaint and identify the facts to support the defenses listed in the Answer to the Complaint.

**INTERROGATORY NO. 16:**
Identify the individuals answering or assisting in answering these Interrogatories and the

documents consulted in answering the Interrogatories and/or that are relevant to the answers to these Interrogatories.

**INTERROGATORY NO. 17:**
List all real estate in which Defendant has an ownership interest providing the address of the property, the date the property was purchased, the purchase price, the name(s) and addresses of any and all purchaser(s), the name of all mortgage holders or holders of other encumbrances, the balance due on all mortgages or other encumbrances, the name and addresses of all tenants.

**INTERROGATORY NO. 18:**
List all motor vehicles owned by Defendant providing the make, model and year of the vehicles, the license plate numbers, the vehicle identification number (VIN), the name and address of any lien holder(s) and the amount due on the lien(s).

**INTERROGATORY NO. 19:**
Identify all communications you have had with any current or former employee of Osaka regarding the lawsuit or alleged violations of the Fair Labor Standards Act. In answering this interrogatory, please state:
       a. The name of the employee;
       b. The date of the communication;
       c. Whether the communication was written or oral; and
       d. What was said or discussed.