# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE A. VIRGEN MAGDALENO, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br><br>PCM CONSTRUCTION SERVICES, LLC, MIGUEL GUERRA AND DAWNNA L. HOGAN-GUERRA,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. 4:12-cv-02862 |

**PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT PCM CONSTRUCTION SERVICES, LLC**

TO:   Defendant PCM Construction Services, LLC by and through its attorney of record, Todd A. Prins Law Firm, 4940 Broadway, Suite 108, San Antonio, Texas 78209.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs propound to Defendant, PCM CONSTRUCTION SERVICES, LLC., the following Requests for Production. In accordance with Rule 34 of the Federal Rules of Civil Procedure, the following documents must be tendered to Plaintiffs within thirty (30) days from the date of service by delivering the same to the law offices Kennard, Blankenship & Robinson, P.C., 5433 Westheimer Road, Suite 825, Houston, Texas 77056. These document requests shall be deemed to be continuing in the event that additional documentation becomes available.

Any requested documents which are not produced should be answered with the reasons

why they are being withheld.

        Respectfully submitted,



*s/ Alfonso Kennard, Jr.*
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Lakshmi Ramakrishnan
Texas Bar No. 24037324
5433 Westheimer Road, Suite 825
Houston, TX 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com

Amanda C. Hernandez
Texas Bar No. 24064411
Southern District No. 1531045

5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
amanda.hernandez@kennardlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on July 3, 2013, a true and correct copy of this instrument was served on all counsel of record.

Todd A. Prins
Nathan G. Roach
PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, Texas 78209
(210) 820-0929 (facsimile)

/s/ Alfonso Kennard, Jr
Alfonso Kennard, Jr.

## **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall have the meaning indicated below:

1. The terms "document," "documents" or "documentation" as used in these discovery requests are used in their broadest sense, and mean and include each and every medium upon which information is or can be displayed, printed, typed, written, recorded, or reproduced by mechanical or electronic means, by hand or by any other method, whether by Defendant or any other entity that is or has been under Defendant's direction or control, or of which Defendant has knowledge or access, including, without limitation, the following: advertisements; agreements; aperture cards; appointment books; books; brochures; calculations; calendars; charts; circulars; codes; computer records or printouts; communications; contracts; copies; correspondence; data processing cards, discos or tapes; diaries; directives; drafts; drawings; enclosures; file folders, boxes or other containers; files; films; forms; graphs; guides; indexes; inspection reports; instructions; internet web sites or web pages; journals; laboratory reports; ledgers; letters; local state and federal government hearing records and reports; magnetic tapes, cards, or discs or other products of any device for recording sound or electronic impulses; maps; memoranda; messages; microfiche, microfilm; minutes or other records of meetings or conferences; motion picture films; negatives; newspaper stories or clippings; notes; notebooks; notices; opinions or reports of consultants; pads; pamphlets; photographs; pictures; plans; position papers; press releases; price books or lists; progress reports; publications; repo1ts; reports of studies; specifications; statistical data; schedules; schedule revisions; sketches; status reports; stenographic or handwritten notes; stenographic, wire or magnetic recordings; studies; summaries; summaries, notes or records of conversations, interviews, or telephone conversations; summaries or reports of investigations or negotiations; surveys; specifications; telecopies; telegrams; telexes; time records; trip reports; videotapes; voice recordings in ant form; worksheets; and working papers. The terms "document," "documents" or "documentation" also include the original and every copy which is not identical to the original, specifically including every copy that contains any commentary, marginalia or notation whatsoever that does not appear on the original. The terms "document," "documents" or "documentation" also include all drafts, attachments, and appendices of each of the foregoing.

2. The term "relate," "relating to," and "all documents relating to" mean and include all facts and documents that in any manner or form. pertain to, refer to, touch or concern in any way the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to relied upon, utilized generated, transmitted, or received in arriving at any conclusions, opinions, estimates, positions, decisions, beliefs, or assertions concerning the subject matter in question.

3. "You," "your," "yours," "Defendant" or "PCM" refers to PCM Construction Services, LLC, its owners, attorneys, agents, employees or any other individual or entity who represents or has represented Defendant.

4. "Plaintiff" or "Plaintiffs" refers to Jose A. Virgen Magdaleno and all other individuals who file a Notice of Consent in this lawsuit.

5. The term "person" means and includes, without limitation, every natural person, association, firm, partnership, corporation, company, committee, agency, affiliate, subsidiary, commission, legal entity of any form or type, and every other organization or entity, whether public or private.

6. The term "Relevant Time Period" refers to the period from the date three years prior to the filing of the complaint in this matter to the present time.

7. The term "statement" includes any written or graphic statement signed or otherwise adopted or approved by the person making it, any stenographic, mechanical, electrical or other recording or transcription thereof which is a substantially verbatim recital of an oral statement by the person making it an contemporaneously recorded.

8. The terms "identify" or "identification" when referring:

    a. to a person, mean to state to state his or her full name and present or last known business or residential address and phone number.

    b. to a public or private corporation, partnership, association, or organization, or to a governmental agency, mean to state its full name and present or last known pertinent business address and phone number.

    c. to a statement, mean to identify who made it, who took or recorded it, and all other, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

    d. to a document, mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

    e. to any other tangible thing, mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identity who made it;

and to identity who has present or last known possession, custody or control thereof.

9. The terms "describe" or "description" mean to give a reasonably detailed description concerning the matter about which inquiry is made, including the full name, address and telephone number of persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the answer to the discovery request fair and meaningful.

10. The singular and masculine forms of any noun or pronoun include the plural, the feminine, and neutral.

11. If Defendant claims any privilege or immunity in connection with any of these discovery requests, Defendant shall describe its claim in detail and provide all information relevant to the evaluation of the claims of privilege or immunity or to the waiver of the privilege or immunity. The information shall be sufficient to allow presentation of the claims to the court, to allow Plaintiffs to contest the claims and to allow Plaintiffs to urge any waiver of the privilege. The information shall identify, without limitation, all documents and all oral statements and communications relating to the claims or their waiver.

12. These discovery requests are continuing in nature. If further information or documents come into possession of or are brought to the attention of Defendant, its agents, employees, officers, directors, representatives, or attorneys on the course of these proceedings, supplementation of responses is required.

13. The term "lawsuit" shall refer to Civil Action No. 4:12-cv-02862; Jose A. Virgen Magdaleno, Individually and on Behalf of all Others Similarly Situated v. PCM Construction Services, LLC, et al., In the United States District Court for the Southern District of Texas, Houston, Division.

### FIRST SET OF REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 2:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 3, preferably in an electronic format that can be read and used in ordinary spreadsheet software, such as Excel.

**REQUEST FOR PRODUCTION NO. 3:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 6.

**REQUEST FOR PRODUCTION NO. 4:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 5:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 12.

**REQUEST FOR PRODUCTION NO. 6:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 13.

**REQUEST FOR PRODUCTION NO. 7:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 8:**
Produce all documents Defendant used or relied upon in answering Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 9:**
All documents relating to the employment of Plaintiffs by Defendant.

**REQUEST FOR PRODUCTION NO. 10:**
Produce all documents indicating the hours Plaintiffs worked during the Relevant Time Period, including payroll records, time clock records, handwritten sheets, and work schedules. If possible, please produce them in an electronic format that can be read and used in ordinary spreadsheet software, such as Excel.

**REQUEST FOR PRODUCTION NO. 11:**
Produce all documents indicating the amount of pay Plaintiffs received during the Relevant Time Period, preferably in an electronic format that can be read and used in ordinary spreadsheet software, such as Excel.

**REQUEST FOR PRODUCTION NO. 12:**
Produce all agreements between Defendant and Plaintiffs that were in effect during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 13:**
Produce all documents that constitute, refer to, or relate to Defendant's policies, practices and guidelines for tracking and/or keeping records of hours worked or overtime hours worked by Plaintiffs during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 14:**
Produce all documents reflecting or describing Defendant's organizational structure(s) or internal hierarchy during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 15:**
Produce all documents that refer or relate to Plaintiffs' compensation, including but not limited to: wage rates, salary rates, bonuses, tips, overtime rates, and/or total compensation during the Relevant Time Period, including computer readable payroll data.

**REQUEST FOR PRODUCTION NO. 16:**
Produce all documents constituting, referring or relating to communications between Defendant and Plaintiffs regarding entitlement to overtime pay, the calculation of overtime pay, minimum wage, bonuses or other compensation.

**REQUEST FOR PRODUCTION NO. 17:**
Produce all insurance or indemnity agreements under which any person or entity may be liable to satisfy, or reimburse Defendant for, all or any part of any judgment that may be entered in this action.

**REQUEST FOR PRODUCTION NO. 18:**
Produce copies of all IRS W-2 or 1099 forms issued to Plaintiffs that are in the possession of Defendant.

**REQUEST FOR PRODUCTION NO. 19:**
Produce copies of all job applications submitted by Plaintiffs to Defendant.

**REQUEST FOR PRODUCTION NO. 20:**
Produce copies of all documents signed or authored by Plaintiffs.

**REQUEST FOR PRODUCTION NO. 21:**
Produce all correspondence between any Defendant and Plaintiffs.

**REQUEST FOR PRODUCTION NO. 22:**
Produce all employment manuals and written policies in effect during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 23:**
Produce all settlement agreements, arbitration agreements, releases, or waivers between Defendant and any Plaintiff.

**REQUEST FOR PRODUCTION NO. 24:**
Produce all documents provided to Defendant or received by Defendant from the Department of Labor within the last 6 years.

**REQUEST FOR PRODUCTION NO. 25:**
Produce all documents that concern any exemption from the Fair Labor Standards Act Defendant claims (if any) with respect to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 26:**
Produce all correspondence concerning the pay of Defendant's employees during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 27:**
True and correct copies of documents concerning Defendant's net worth, including but not limited to, audited financial statements, federal and state income tax returns and bank and brokerage account statements for the past three years.

**REQUEST FOR PRODUCTION NO. 28:**
Produce all documents you believe support your contention that "Plaintiffs have failed to comply with all procedural requirements for maintaining this action."

**REQUEST FOR PRODUCTION NO. 29:**
Produce all documents you believe support your contentions that "Defendant acted at all times in good faith and had reasonable grounds for believing that their conduct complied at all times with applicable laws and regulations."

**REQUEST FOR PRODUCTION NO. 30:**
Produce all documents you believe support your contention that "Defendant will be entitled to a credit toward any payment obligation by prior compensation and/or other prior payment."

**REQUEST FOR PRODUCTION NO. 31:**
Produce all documents you believe support your contention that "Plaintiffs may waive the right, if any, to pursue their claims by reason of their own actions, omissions, and course of conduct, including but not limited to failure to comply with applicable employment policies and procedures."

**REQUEST FOR PRODUCTION NO. 32:**
Produce all settlement agreements, arbitration agreements, releases, or waivers between Defendant and any individuals who were employed by Defendant during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 33:**
Any documents referring to the names and addresses of individuals who were employed by

Defendant during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 34:**
All documents reflecting the relationship between Miguel Guerra and PCM, including, but not limited to, pay checks or pay records, employment contracts, memoranda, corporate documents, minutes of Board of Directors meetings, profit and/or loss statements, income distribution statements, stock certifications, correspondence or tax records.

**REQUEST FOR PRODUCTION NO. 35:**
All documents reflecting the relationship between Dawnna Hogan Guerra and PCM, including, but not limited to, pay checks or pay records, employment contracts, memoranda, corporate documents, minutes of Board of Directors meetings, profit and/or loss statements, income distribution statements, stock certifications, correspondence or tax records.